**Ira D. SKLAR, Plaintiff–Appellant,**

v.

**NEW YORK LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 01–9064.

United States Court of Appeals, Second Circuit.

April 16, 2002.

Ira D. Sklar, pro se, Staten Island, NY, for Appellant.

Jonathan L. Sulds, Esq., Akin, Gump, Strauss, Hauer & Feld, LLP, New York, NY, for Appellee.

Present WALKER, Chief Judge, NEWMAN, and KEARSE, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant Ira D. Sklar appeals from the August 30, 2001 judgment of the district court granting summary judgment in favor of defendant-appellee New York Life Insurance Company ("New York Life") and dismissing Sklar's claims that the termination of his employment was based on age, disability, religion, and retaliation. The district court dismissed his disability, religion and retaliation claims as unexhausted, and found his age discrimination claims to be without merit. On appeal, Sklar reasserts his age discrimination claims. He does not appear to challenge the district court's dismissal of his claims based on retaliation, disability, and religion. In any event, the district court correctly held these three claims to be unexhausted and dismissable on that basis.

In December 1998, Sklar was fired from his position as a claims director in New York Life's Disability Claims Division. At the time, each of the seven directors in his division, including Sklar, were forty years old or older; Sklar was fifty-two years old. Between March and June 1998, plaintiff was absent from work a total of eleven days. Russell Deal, Sklar's supervisor, advised him that if those days were designated as "chargeable absences," he would be given a final attendance warning. By memo dated July 16, 1998, Deal requested that Sklar inform him by the next day how he would like the absences to be treated. Although Sklar has contended that some of these days were excusable as vacation days or as leave pursuant to the Family and Medical Leave Act ("FMLA"), he conceded at his deposition that he never requested them to be treated as such. On August 12, 1998, after receiving notice that Sklar's absence on March 10 did not qualify as FMLA leave, Deal issued a final warning notice to Sklar.

Shortly after receiving his final warning notice, Sklar sent several emails to Seymour Sternberg, New York Life's Chairman. Two of the emails contested the finding that the March 10 absence did not constitute FMLA leave and contained the subject heading "HARASSMENT & CHANGING OF FACTS BY RUSSELL P. DEAL/NYLIC." Sklar sent another email informing Sternberg that he had been denied the opportunity to apply for the company's life insurance policy and requested the identity of the individual responsible for making that decision.

In October and November 1998, Peggy Carter, Director of Equal Employment Opportunity and Affirmative Action at New York Life, contacted and met with Sklar to discuss his emails to Sternberg and the reasons he was not given life insurance. She later confirmed in writing that he could not apply for insurance because he had failed to accept coverage on three other occasions and that his complaints involving life insurance should be directed to the Corporate Ombudsman, to her, or to Sklar's immediate supervisor. On November 19, Sklar again emailed Sternberg, accusing Deal of "threat, assault, lies & harassment" and of pushing Sklar during a meeting on August 28, 1998.

After Human Resources found Sklar's accusations about Deal to be meritless, John Swenson, a vice president of New York Life, fired Sklar because of his "insubordination and his disrespectful conduct toward his supervisor" as demonstrated by the emails to Sternberg and his accusations against Deal. On March 19, 1999, Sklar sent a notarized letter to Sternberg claiming that he had been "fired

as a result of retaliation for having complained *directly* to Seymour Sternberg ... *instead* of contacting the Corporate Ombudsman or [Carter] which would not have resulted in my being fired." He also accused New York Life of age discrimination and "forc[ing] out" a former employee, Frank Cinque, because of his age. Sklar now contends, despite his deposition testimony to the contrary, that he did not send this letter. On April 26, 1999, Sklar filed an EEOC complaint, alleging only age discrimination, that was dismissed.

Sklar contends on appeal that New York Life discriminated against him on the basis of age by (1) failing to accept his application for life insurance and (2) terminating his employment. Reviewing the district court's grant of summary judgment *de novo*, *VKK Corp. v. Nat'l Football League*, 244 F.3d 114, 118 (2d Cir.2001), we affirm the judgment of the district court because Sklar has failed to produce evidence sufficient for a reasonable jury to find that New York Life discriminated against him on the basis of age. *See Schnabel v. Abramson*, 232 F.3d 83, 88 (2d Cir.2000).

■ We analyze claims under the Age Discrimination in Employment Act under the familiar burden-shifting test announced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Schnabel*, 232 F.3d at 87. Assuming, without deciding, that plaintiff presented a prima facie case, New York Life has articulated a legitimate, non-discriminatory reason for his discharge, namely, his disrespect for his supervisors. As detailed below, Sklar can point to no evidence that the reasons given for his termination were pretextual or that, even if pretextual, those reasons served as a mask for age discrimination. Therefore, summary judgment was properly awarded. *See Schnabel*, 232 F.3d at 88; *James v.*

*N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir.2000).

Sklar does not contest that he sent the emails to Sternberg, and the uncontroverted evidence in the record, including Sklar's own deposition testimony, establishes that he was fired for addressing his complaints to Sternberg. The inappropriate tone of the emails are further evidence of his disrespectful attitude. Furthermore, Sklar's conclusory allegation, unsupported by the record, that Cinque was forced to retire because of his age fails to rebut the non-discriminatory reasons given for Sklar's termination. *See Farias v. Instructional Sys., Inc.*, 259 F.3d 91, 99 (2d Cir.2001).

■ In addition, even if we were to credit as true Sklar's claims that Deal lied or assaulted him, plaintiff has not provided any evidence linking such behavior to age discrimination. Therefore, these alleged incidents are insufficient to survive a motion for summary judgment. *See Lizardo v. Denny's, Inc.*, 270 F.3d 94, 104 (2d Cir.2001) (stating, in a race discrimination case, that "[p]laintiffs have done little more than cite to their mistreatment and ask the court to conclude that it must have been related to [a prohibited basis of discrimination]. This is not sufficient.").

Sklar's contention that his denial of life insurance is another instance of age discrimination is also insufficient. No evidence in the record suggests that New York Life's proffered non-discriminatory explanation that Sklar had previously applied for but declined coverage is false. Even if the decision was based, as Sklar asserts, on the company's desire to save on insurance costs, such cost considerations are a permissible basis to deny coverage and do not constitute age discrimination. *See James*, 233 F.3d at 153.

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.